### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     **Plaintiff,**

**v.**

RICHARD PITTMAN,

     **Defendant.**                     **Case No. 05-CR-30133-DRH**

### ORDER

**HERNDON, District Judge:**

Now before this Court is defendant Richard Pittman's Motion for Temporary Custody Transfer From Perry County Jail. (Doc. 143.) The Government has filed its opposing Response to said motion. (Doc. 146.) Essentially, Pittman complains that he is "having a problem with a particular guard at the jail." (Doc. 143, ¶ 1.) Pittman recounts instances of receiving threats of losing his family visit "without justification" and of being harassed in general. (*Id*. at ¶ 2.) To substantiate his allegations, Pittman claims that his mother-in-law witnessed Pittman being pushed by the same guard who has allegedly harassed Pittman on previous occasion. (*Id*. at ¶ 3.) Although Pittman has attempted to contact the U.S. Marshall's office regarding his problem, he does not believe he will receive a transfer unless the office felt there was a real threat to his safety. (*Id*. at ¶ 4.) Therefore, Pittman has filed the instant motion to request this Court order his transfer from the Perry County Jail.

The Government objects to Pittman's motion in that the only specific

instance of harassment he alleges is being pushed by the guard in front of his mother-in-law and his two children. (Doc. 146, ¶ 3.) Even taking this allegation in the light most favorable to Pittman, the Government asserts that it is a *de minimis* violation. (*Id*. at ¶ 4.) Moreover, the Government points out that "jails must be able to maintain order and security," and "the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restrain as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" (*Id*. at ¶ 5, citing ***Bell v. Wolfish*, 441 U.S. 520, 537 (1979)**.) Lastly, the Government lists perhaps its most persuasive argument: a transfer based on the desires of a detainee seriously undermines the Marshall's ability to determine placement based on legitimate needs. (*Id*. at ¶ 7.)

The Court agrees with the Government's reasoning. Harassment by a jail official which constitutes deliberate indifference of the safety and welfare of a pretrial detainee is certainly not behavior approved by the Court or under the law. However, the Court does not feel that the specific allegations made by Pittman in the instant matter rise to that level nor warrant usurping the Marshall's authority and method of running the jail. Therefore, Pittman's motion is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed this 7th day of February, 2006.

/s/          David  RHerndon
**United States District Judge**